## Commonwealth v. Takacs

*Gary F. Dobias, assistant district attorney,* for the commonwealth.

*Stephen P. Vlossak Sr.,* for defendant.

LAVELLE, *P.J.,* March 14, 1989 — The principal issue presented in this case is whether the filing of a petition to revoke parole after defendant's parole period had expired is fatal to the revocation proceedings. On the facts of this case, we hold that it is not fatal.

On November 24, 1987, defendant pleaded guilty to retail theft (18 Pa.C.S. §3929(a)(1)). After serving his minimum jail sentence, defendant was placed on parole until December 6, 1988. On January 13, 1989, the Adult Probation Office filed a petition for revocation of defendant's parole. We conducted a hearing on February 13, 1989 and developed the following record.

## FACTS OF THE CASE

Mr. Berke from Adult Probation testified that Takacs violated two conditions of his parole; he neither maintained a verifiable address (his whereabouts were unknown), nor did he pay his court costs in the amount of $399.99.

Mr. Berke testified that after not hearing from Takacs since May 1988, he dropped his calling card in the mailbox of 136 Jamestown Street, Takacs' last known address, on numerous occasions during the months of June, July and August. Mr. Berke telephoned Takacs' number and spoke with his sister. Mr. Berke informed the sister that he was looking for Takacs and that if she should come in contact with him, he (Takacs) should get in touch

with him. On the numerous times Mr. Berke visited the Jamestown Street address, he left messages that Takacs should contact him immediately.

On September 22, 1988, Takacs' nephew informed Mr. Berke that Takacs was no longer living at the Jamestown Street address, and that he was unaware of his uncle's current address. The nephew added that he had kicked Takacs out because he was drinking. In addition, at a meeting of local police chiefs, Mr. Berke testified that he showed a picture of Takacs to the chiefs, particularly to Chief Hutto of Lehighton. Mr. Berke told them that if they should come into contact with Takacs, they should inform him that he could be arrested and to call Berke's office immediately. Lastly, Mr. Berke said he also inquired of known associates (street people) of Takacs in an effort to locate him.

Takacs was arrested and jailed on other criminal charges on December 1, 1988.

Although the petition for revocation of parole was not filed until January 13, 1989, Mr. Berke explained that he had delivered the petition to the judge's chambers for the purpose of obtaining a hearing date on December 2, 1988. The court signed an order for hearing on January 31, 1989 and the petition was filed immediately.

## DISCUSSION

Defendant argues that it is too late to revoke his parole, because the petition was filed after his parole expired. We disagree.

Pennsylvania Rule of Criminal Procedure 1409, governs all parole revocation proceedings:

"[W]henever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole unless there has been a hearing

held as speedily as possible at which time the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole."

Not every late filing of a petition to revoke parole is fatal. The court must inquire as to why the petition was late and whether defendant has been prejudiced.

"Although probation may clearly be revoked after the expiration of the probationary period (citation omitted), it is true that . . . 'a certain amount of prejudice necessarily follows from the mere fact of the expiration of the parole period.' (citation omitted). This prejudice serves to render the delay unreasonable, however, *only when it conjoins with other factors,* such as the utter lack of diligence by county officials exhibited in *Holmes.*" *Commonwealth v. Ruff,* 272 Pa. Super. 50, 56, 414 A.2d 663, 666 (1979).

It is clear from the record before us that the probation officer presented the petition for revocation to the court to get a hearing date prior to the date defendant's parole ended. Because of the press of other criminal and civil matters, the court was unable to address the petition until January 31, 1989.

At the hearing, defendant failed to show any prejudice resulting from the delay in filing the petition. Further, we do not believe that a delay in filing some 37 days from the date of defendant's parole expired shows a lack of due diligence on the part of the judicial system. We shall therefore deny the motion to dismiss.

We further find that defendant violated two conditions of his parole: (1) maintaining a verifiable

address and (2) payment of his court costs. We shall therefore revoke his parole.

· Accordingly, we enter the following

## ORDER

And now, March 14, 1989, it is hereby ordered and decreed as follows:

(1) Defendant's motion to dismiss the petition for revocation of parole is hereby denied.

(2) Defendant's parole is hereby revoked and defendant shall be held in Carbon County Jail until a Gagnon Hearing 2 hearing is held on April 6, 1989, in Carbon County Court House, Jim Thorpe, Pa.